Norman **TIMBERLAKE**, Petitioner–Appellant,

v.

Cecil **DAVIS**, Superintendent, Indiana State Prison, Respondent–Appellee.

No. 04–2315.

United States Court of Appeals, Seventh Circuit.

Aug. 1, 2005.

Brent Westerfeld, Indianapolis, IN, Lorinda Meier Youngcourt, Huron, IN, for Petitioner–Appellant.

James B. Martin, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before EASTERBROOK, RIPPLE, MANION, Circuit Judges.

## Order

The petition for rehearing relies on *Rompilla v. Beard,* —— U.S. ——, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005), which was issued about four weeks after our decision. According to Timberlake, *Rompilla* establishes that defense counsel in a capital case must evaluate potential mitigating evidence even when the accused informs counsel that no such evidence is available. That holding, Timberlake concludes, is incompatible with our decision.

Timberlake's description of *Rompilla* differs from the Court's own recap of the holding. The Justices described *Rompilla* as a decision about a search through aggravating rather than mitigating evidence, stating (slip op. 1): "We hold that even when a capital defendant's family members and the defendant himself have suggested that no mitigating evidence is available, his lawyer is bound to make reasonable efforts to obtain and review material that counsel knows the prosecution will probably rely on as evidence of aggravation at the sentencing phase of trial." Rompilla's lawyers neglected to examine the court file of his prior convictions, which were to be mainstays of the prosecution's argument for capital punishment. Timberlake does not contend that his lawyers failed to in-vestigate any of the evidence that Indiana sought to treat as aggravating.

The proposition about the need to search for mitigating evidence that Timberlake's counsel attribute to *Rompilla* is not novel. See, e.g., *Wallace v. Davis,* 362 F.3d 914, 920 (7th Cir.2004) (observing, before *Rompilla,* that counsel must evaluate potential mitigating circumstances even if the accused has told counsel not to make a mitigation defense, because investigation may turn up considerations that will cause the defendant to change his mind). But this principle does not assist Timberlake, whose lawyers did investigate.

Counsel commissioned and reviewed a lengthy report by mitigation specialists. The problem, if any, lies not in what they failed to learn, but in what they failed to do with what they knew. The Supreme Court of Indiana held that the lack of testimony of family members was not prejudicial, given the weakness of that evidence; we held that this decision was a reasonable application of rules established by the Supreme Court of the United States. Nothing in *Rompilla* undermines that assessment.

The members of the panel have voted to deny the petition for rehearing. No judge in active service has called for a vote on the petition for rehearing en banc. The petition for rehearing accordingly is denied.